UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN JAVORIS MOORE,

        Petitioner,                              Case No. 23-cv-11411
                                                             Honorable Linda V. Parker

v.

MELINDA BRAMAN,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS (ECF 7), DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Kevin Javoris Moore has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition. For the reasons discussed, the Court grants the motion to dismiss and declines to issue a certificate of appealability. The Court grants Moore leave to proceed in forma pauperis on appeal, if he seeks to appeal, because an appeal may be taken in good faith. *See* Fed. R. App. P. 24(a).

## I. BACKGROUND

In 2001, Moore was convicted in the Wayne County Circuit Court of first-degree premeditated murder, being a felon in possession of a firearm, and possession of a firearm in the commission of a felony. After his convictions were affirmed by the state courts, Moore filed a petition for writ of habeas corpus with

this Court.  The petition was denied.  *Moore v. Bell*, No. 07-cv-14564, 2009 WL 1803192 (E.D. Mich. June 23, 2009) (Hood, J.)  The United States Court of Appeals for the Sixth Circuit reversed and granted a conditional writ of habeas corpus requiring the State to release or retry Moore within 180 days.  *Moore v. Berghuis*, 700 F.3d 882, 884, 891 (6th Cir. 2012), *cert. denied* 569 U.S. 973 (2013)

On May 20, 2013, the state court vacated Moore's convictions and sentences in accordance with the Sixth Circuit's opinion and order.  (ECF No. 8-6 at PageID.103.)

Moore was retried in August 2013, and again convicted of first-degree murder, felon in possession, and possession of a firearm during the commission of a felony.  He was sentenced to life imprisonment for the murder conviction, three to five years for the felon-in-possession conviction, and two years for the felony-firearm conviction.  Moore's convictions were affirmed on appeal.  *People v. Moore*, No. 318661, 2015 WL 2448498, at *1 (Mich. Ct. App. May 21, 2015); *lv. denied* 498 Mich. 957 (Mich. 2015).  The state courts denied his requests for post-conviction relief.  *People v. Moore*, No. 341536 (Mich. Ct. App. Feb. 1, 2018); *lv. denied* 503 Mich. 873 (Mich. Oct. 2, 2018).

In 2019, Moore filed two motions in his first (closed) habeas case.  *See* Motion, *Moore*, No. 07-cv-14564 (E.D. Mich. filed Oct. 24, 2018), ECF No. 27; Motion, *id.* (E.D. Mich. filed Nov. 14, 2018), ECF No. 28.  The court denied both

motions without prejudice to Moore filing a new petition for a writ of habeas corpus under a new case number to challenge his new conviction. Order, *id.* (E.D. Mich. Feb. 8, 2019), ECF No. 29.

In 2023, Moore filed the pending petition for a writ of habeas corpus raising this claim:

> An unconditional writ of habeas corpus should issue where the state court did not commence a new trial within 180 days which prejudiced the petitioner.

(ECF No. 1 at PageID.6.) Respondent has filed a motion to dismiss the petition for lack of jurisdiction and as moot. (ECF No. 7.) Moore has filed a response maintaining that the Court retains jurisdiction to enforce the conditional writ and, alternatively, that his new conviction is constitutionally deficient for these reasons: (i) the sentence of life without parole is illegal because it was not authorized by the penal code, and (ii) the imposition of a consecutive sentence for felony firearm was not authorized by statute.

## II.  DISCUSSION

Moore seeks issuance of an unconditional writ of habeas corpus on the grounds that the State did not comply with the terms of the conditional writ granting habeas relief and that his current sentence is illegal. Respondent moves to dismiss the petition on the grounds that the Court lacks jurisdiction to enforce the terms of the conditional writ and the claims are moot because Moore is no longer

in custody pursuant to an unconstitutional judgment. Respondent also argues that, to the extent that Moore is challenging his new convictions, his petition is untimely.

On May 20, 2013, the state trial court complied with the terms of the conditional writ by vacating Moore's convictions and sentences. (*See* ECF No. 8-6 at PageID.103.) The state court did so within the mandated 180 days. This Court's jurisdiction ended at that point:

> By its terms, § 2254 empowers the district court to achieve a single end: to terminate the petitioner's unconstitutional custody. A district court can achieve that end by granting an absolute writ, which itself vacates the unconstitutional judgment and orders the petitioner immediately released. *Satterlee v. Wolfenbarger*, 453 F.3d 362, 370 (6th Cir. 2006). Or, as an "accommodation[ ]" to the state, the court can grant a conditional writ, which requires the state either to vacate the unconstitutional judgment or to replace it with a constitutional one (by retrying him) within a certain period of time. *Id.* at 369. But what the court cannot do is continue to enforce the terms of a conditional writ after the petitioner is no longer in custody pursuant to an unconstitutional judgment.

*Gillespie v. Warden, London Corr. Inst.,* 771 F.3d 323, 329 (2014).

"Once the unconstitutional judgment is gone, so too is federal jurisdiction under § 2254." *Id.* Moore's unconstitutional judgment has been vacated so the Court lacks jurisdiction to enforce the prior conditional grant of the writ and Moore's claims challenging the vacated convictions are moot.

In reply to Respondent's motion to dismiss, Moore focuses on the convictions for which he is currently incarcerated. He challenges the lawfulness of his sentence and

4

argues that the unlawful sentence renders his trial incomplete and that his convictions, therefore, are invalid. Respondent argues that Moore's challenge to his current conviction is untimely and his claims are unexhausted. (*See* ECF No. 7 at PageID.46, n.3.)

The Antiterrorism and Effective Death Penalty Act, effective April 24, 1996, provides a one-year statute of limitations for habeas petitions.[1] *See* 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

---

[1] In response to the motion to dismiss, Moore states that, if the Court does not have jurisdiction under § 2254, he brings his action under 28 U.S.C. § 2241. (ECF No. 9 at PageID.2015.) Habeas corpus actions brought by "a person in custody pursuant to the judgment of a State court", like Moore's, are governed by 28 U.S.C. § 2254. *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006)); *see also Rittenberry v. Morgan*, 468 F.3d 331, 336-37 (6th Cir. 2006) (a state prisoner cannot avoid the restrictions of § 2244 by filing a petition under § 2241). Consequently, Moore's filing is subject to the requirements that apply to a petition filed under § 2254, including the one-year limitations period and the exhaustion requirement.

Moore is not relying on a newly-recognized constitutional right or on newly discovered facts, and he has not alleged that a state-created impediment prevented him from filing a timely petition. Consequently, the relevant subsection here is § 2244(d)(1)(A), which states that a conviction becomes final at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Moore was sentenced on September 11, 2013. The Michigan Court of Appeals affirmed Moore's convictions. *People v. Moore*, 2015 WL 2448498 (Mich. Ct. App. May 21, 2015). On December 23, 2015, the Michigan Supreme Court denied Moore's application for leave to appeal. *People v. Moore*, 498 Mich. 957 (2015). Moore's conviction became final on March 22, 2016, when the time for seeking a writ of certiorari with the United States Supreme Court expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The last day on which a petitioner can petition for certiorari is not counted toward the one-year limitations period. *Id.* at 285. Accordingly, the limitations period began on March 23, 2016. The limitations period continued to run until Moore filed a motion for relief from judgment in the trial court on February 14, 2017. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."). The limitations period continued to be tolled until the Michigan Supreme Court denied Moore's application for leave to appeal on October 2, 2018. The limitations period, of which 38 days remained, resumed running on October 3, 2018, and continued to run uninterrupted until it expired

6

on November 13, 2018.² The pending petition was filed on June 6, 2023, approximately four and a half years after the limitations period expired. Moore does not allege any grounds for equitable tolling, nor are any grounds apparent in the petition itself. Therefore, the petition is untimely.³

### III. CERTIFICATE OF APPEALABILITY

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. A COA will be issued when the Court concludes that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Here, reasonable jurists would not debate the correctness of the Court's ruling. The Court denies a certificate of appealability.

### IV. CONCLUSION

For the reasons set forth above, the Court GRANTS the motion to dismiss (ECF No. 7) and DISMISSES the petition for writ of habeas corpus. The Court DENIES a certificate of appealability.

---

² The 38th day was Saturday, November 10, 2018. Veteran's Day was observed on Monday, November 12, 2018. So, under Fed. R. Civ. P. 6(a)(1)(C), the limitations period expired on the next day that was not a weekend or holiday, Tuesday, November 13, 2018.

³ Because the petition is untimely, the Court need not address whether Moore's claims challenging his new convictions and sentence are exhausted.

7

      The Court GRANTS Moore leave to proceed *in forma pauperis* on appeal because an appeal could be taken in good faith.  *See* Fed. R. App. P. 24(a).

      SO ORDERED.

                                            s/LINDA V. PARKER
                                            UNITED STATES DISTRICT JUDGE

DATED: September 9, 2024